PROB 12B
(7/93)

# United States District Court
## for
## District of New Jersey

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Qing Wen Chen                             Cr.: 10-00056-001
                                                            PACTS Number: 50932

Name of Sentencing Judicial Officer: The Honorable Stanley R. Chesler, U.S.D.J.

Date of Original Sentence: 08/18/2010

Original Offense: Conspiracy to Traffic in Counterfeit Goods

Original Sentence: 5 years probation

Type of Supervision: probation                  Date Supervision Commenced: 05/18/2010

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

LOCATION MONITORING PROGRAM   (30 day extension) (Payment NOT waived)

You are to participate in the Location Monitoring Program. You shall be confined to your residence for a period of 1 months commencing at the direction of the U.S. Probation Office. You shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. You shall wear a Location Monitoring device and follow all location monitoring procedures. You shall permit the Probation Officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. You shall comply with any other specific conditions of home confinement as the Court may require. You shall pay all the costs associated with the Location Monitoring Device. The U.S. Probation Office may use less restrictive location monitoring technology if the U.S. Probation Office determines that a less restrictive device is available and appropriate.

## CAUSE

Chen failed to abide by his daily location monitoring schedule on the following dates: June 25, 2010; June 29, 2010; July 3, 2010; July 10, 2010; and July 11, 2010.

Respectfully submitted,

By: Paul E. Choinski
U.S. Probation Officer
Date: 08/19/2010

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] The Extension of Supervision as Noted Above
[ ] No Action
[ ] Other

Signature of Judicial Officer

Date

PROB 49
(NYEP-10/28/05)

# United States District Court

## DISTRICT OF NEW JERSEY

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and the assistance of counsel before any unfavorable change(s) may be made in my conditions of Probation and/or Supervised Release or before my period of supervision can be extended. By assistance of counsel, " I understand that I have the right to be represented at a hearing by counsel of my choosing if I am able to retain counsel. I also understand that I have the right to request that the Court appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel. "

I hereby voluntarily waive my statutory right to a hearing and to the assistance of counsel. I also hereby agree to the following modification (s) of my conditions of Probation and/or Supervised Release or to the proposed extension of my term of supervision:

*For a period of 30 days, the defendant shall remain in his or her home of record. The defendant is only authorized to leave for employment or other necessary activities with the approval, in advance, of the Probation Department. The home confinement period shall commence on a date approved by the Probation Department. While serving the period of home confinement, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for Home Confinement by the Probation Department and the Administrative Office of U.S. Courts. In addition, the defendant shall pay the costs of home confinement, including the price of electronic monitoring equipment, to the degree he or she is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.*

Witness: _____  Signed: _____
U.S. Probation Officer                        Probationer or Supervised Releasee

_____
Date   July 13, 2010

**UNITED STATES DISTRICT COURT**
**PROBATION OFFICE**
**DISTRICT OF NEW JERSEY**

CHRISTOPHER MALONEY
CHIEF PROBATION OFFICER

WILFREDO TORRES
SENIOR DEPUTY CHIEF PROBATION OFFICER

DEPUTY CHIEF PROBATION OFFICER
THOMAS C. MILLER

August 19, 2010

SUPERVISION UNIT
20 WASHINGTON PLACE
6TH FLOOR
NEWARK, NJ 07102-3172
(973) 645-6161
FAX: (973) 645-2155

www.njp.uscourts.gov

The Honorable Stanley R. Chesler, U.S.D.J.
U.S. Post Office & Courthouse
Room 417
Federal Plaza
Newark, New Jersey 07102-0999

RE:   U.S. v. Qing Wen Chen
      Dkt. No. 10-00056-001
      **Request for Modification of Special Condition**

Dear Judge Chesler:

On May 18, 2010, the above-referenced was sentenced by Your Honor to five years probation for the offense of conspiracy to traffic in counterfeit goods. Chen was ordered to pay a $100 special assessment, a $1,000 fine and abide by the following special conditions: 12 months location monitoring; gambling restrictions and registration on self-exclusion lists maintained by the New Jersey Casino Control Commission and Racetrack Commission; cooperation with Immigration and Customs Enforcement; and new debt restrictions. Inasmuch as Chen resides in Brooklyn, New York, the Eastern District of New York Probation Office has assumed supervision.

The purpose of this letter is to report Chen's non-compliance with the location monitoring condition of his supervision and to request a modification to that condition. According to information received from the Eastern District of New York, Chen has violated the terms of the location monitoring program on five separate occasions from June 25, 2010 to July 11, 2010. Specifically, on June 25th, June 29th, July 3rd, July 10th, and July 11th of 2010, Chen failed to abide by his daily location monitoring schedule. After discussing the circumstances and his conduct surrounding the violations of the location monitoring program with the supervising officer, Chen agreed to participate in the program for an additional 30 days.

In view of the above-cited instances of non-compliance, it does not appear that a violation hearing is warranted at this time. We are, however, recommending that the Court approve a sentence modification to extend Chen's participation in the location monitoring program for 30 days. As indicated by the attached Probation Form 49, *Waiver of Hearing to Modify Conditions of Supervised Release*, Chen has agreed to the modification and has waived his right to a hearing.

Therefore, unless Your Honor considers otherwise we ask that you review and sign the enclosed Probation Form 12B. If Your Honor requests an alternative course of action, please advise. We will make ourselves available should your district wish to discuss this matter. You may contact the undersigned at the telephone number listed above.

Sincerely,

CHRISTOPHER MALONEY, Chief
U.S. Probation Officer

By: Paul E. Choinski,
U.S. Probation Officer

Enclosure(s)